UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| DERRICK LAMONT HARVEY, | ) |
| | ) |
| Petitioner, | ) Case No. EDCV 15-2231-CAS(AJW) |
| | ) |
| v. | ) MEMORANDUM AND ORDER |
| | ) DISMISSING PETITION |
| STATE OF CALIFORNIA, J. BEARD, | ) FOR LACK OF JURISDICTION |
| DIRECTOR, CDCR; E. VALENZUELA, | ) |
| Warden, et al., | ) |
| | ) |
| Respondents. | ) |
| _____ | ) |

    In 1997, petitioner, a state prisoner, was convicted of two counts of attempted murder. In 2001, petitioner filed a petition for a writ of habeas corpus in this Court challenging his 1997 conviction. Case No. EDCV 01-613-NM(SGL). A report was issued addressing the merits of each of petitioner's claims for relief and recommending that the petition be denied. Judgment was entered denying the petition on October 30, 2002. Both this Court and the Ninth Circuit denied petitioner's request for a certificate of appealability.

    On September 24, 2015 – nearly thirteen years after judgment was entered denying his first federal habeas corpus petition – petitioner filed a document purporting to be a motion for relief from judgment pursuant to Rule 60(b) of the Rules of Civil Procedure. The motion is

based upon petitioner's allegation that his state court conviction is "a legal nullity" because Judge Gerald J. Kettman, who presided over petitioner's trial, "was not under oath" and therefore, the state court lacked jurisdiction over petitioner. [Motion at 1-11].

Rule 60(b) of the Federal Rules of Civil Procedure "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." Gonzalez v. Crosby, 545 U.S. 524, 528 (2005). Petitioner does not allege any defect in the federal habeas corpus proceedings or in this court's October 30, 2002 judgment dismissing his petition. Rather, petitioner's allegation that the state court lacked jurisdiction to convict him constitutes a new claim challenging his 1997 state court conviction. Accordingly, petitioner's Rule 60(b) motion is actually a disguised second or successive petition. See Gonzalez, 545 U.S. at 530-532 (explaining that a legitimate Rule 60(b) motion "attacks ... some defect in the integrity of the federal habeas proceedings," while a second or successive habeas corpus petition "is a filing that contains one or more 'claims,'" defined as "asserted federal bas[e]s for relief from a state court's judgment of conviction"); Jones v. Ryan, 733 F.3d 825, 833-834 (9th Cir.) (stating that habeas corpus petitioners cannot "utilize a Rule 60(b) motion to make an end-run around the requirements of AEDPA" or to otherwise circumvent the restrictions on second or successive habeas corpus petitions), cert. denied, 134 S.Ct. 503 (2013); United States v. Buenrostro, 638 F.3d 720, 722 (9th Cir.) (per curiam) (applying Gonzalez and stating "[t]o show a defect in the integrity of his first § 2255 proceeding, Buenrostro must point to something that happened during that proceeding that rendered its outcome suspect"), cert. denied, 132 S.Ct. 342 (2011).

2

A district court may not consider a second or successive petition absent authorization from the appropriate court of appeals. See 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Petitioner has not obtained authorization from the Ninth Circuit Court of Appeals to file a successive petition. Therefore this Court lacks jurisdiction to entertain it. Accordingly, this successive petition masquerading as a Rule 60(b) motion is dismissed for lack of jurisdiction. See United States v. Zaragoza-Santa Cruz, 584 Fed. Appx. 739, 740 (9th Cir. 2014) (vacating the district court's order denying the petitioner's Rule 60(b) motion, concluding that the motion was actually a disguised successive petition, and noting that the district court should have dismissed it for lack of jurisdiction); Jones, 733 F.3d at 838 (affirming the district court's dismissal of a Rule 60(b) motion as a disguised successive petition over which the district court lacked jurisdiction absent authorization from the court of appeals).

**It is so ordered.**

Dated: November 4, 2015

_____
Christina A. Snyder
United States District Judge

3